**In the Matter of the Application for the DISCIPLINE OF Jon C. ASTLEFORD, an Attorney at Law of the State of Minnesota.**

**No. C3–87–680.**

Supreme Court of Minnesota.

April 21, 1987.

### ORDER

The Director of Lawyers Professional Responsibility has filed with this court a petition charging the respondent Jon C. Astleford with violation of DR 1–102(A)(5) and (6) and DR 5–101(A), Minnesota Code of Professional Responsibility (MCPR) by drafting a will in which the testator left him as sole beneficiary an estate estimated at an approximate worth of $275,000.00. The Director also charged that the respondent had exercised undue influence over the testator in the execution of that will in violation of DR 1–102(A)(5) and (6) and DR 5–101(A), MCPR. Subsequent to the filing of that petition, the Director and the respondent, the latter being represented by counsel, entered into a stipulation wherein the respondent recognized that he had cer-

tain rights under Rules 9, 10, and 14 of the Rules of Lawyers Professional Responsibility, that he waived those rights, that he admitted the allegations of the petitions as set forth herein, and that he agreed to the imposition of certain discipline.

The court having examined the petition, the files and records herein and the stipulation of the parties now orders:

1. That the respondent is hereby publicly reprimanded for violations of the disciplinary rules as set forth above.

2. That the respondent is placed upon a one-year unsupervised probation pursuant to Rule 15 of the Rules of Lawyers Professional Responsibility effective the date of this order.

3. That the respondent shall forthwith pay $500 in costs to the office of the Director pursuant to Rule 24(a), Rules of Lawyers Professional Responsibility.

4. Respondent's probation is conditioned upon respondent abiding by the Minnesota Rules of Professional Conduct, respondent's cooperation with the Director's investigation of any allegations of unprofessional conduct which have or may come in the future to the Director's attention. The respondent's admission of a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this order.